UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAR 29 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. |
| CHRISTOPHER C. PARKER, | ) ) **4:23CR151-JAR/NCC** |
| Defendant. | ) ) |

## INDICTMENT

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term:

    (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(a));

    (b) "sexually explicit conduct" to mean  actual or simulated

    (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex,

    (ii) bestiality,

    (iii) masturbation,

    (iv) sadistic or masochistic abuse, or

    (v) lascivious exhibition of the anus, genitals, or pubic area of any person

    (18 U.S.C. § 2256(2)(A)); and

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. § 2256(6)).

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. § 2256(8)).

2.   The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3.   Between on or about September 1, 2022, and on or about March 22, 2023, in the Eastern District of Missouri, and elsewhere,

**CHRISTOPHER C. PARKER,**

the defendant herein, did knowingly employ, use, persuade, induce, entice and coerce one or more minors, to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, and such depictions were transmitted using any means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce and such depictions were produced or transmitted using materials that were mailed, shipped or transported

and transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate commerce,

in violation of Title 18, United States Code, Section 2251(a).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2251(a) as set forth in Count 1 of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. a Seagate 1500 GB hard drive S/N 2GETBR1W,

   b. a Sony laptop computer PCG-71312L S/N 275287363045017,

   c. a Hewlett-Packard laptop computer S/N 5CD1362XVQ,

   d. an ASUS laptop computer Atheros AR5B125 S/N PPDAR5B125,

   e. a changing cover,

   f. a gold blanket with "Charlie" printed on it,

   g. an Apple iPhone A1784 cellular telephone S/N C39TG04YHFYG,

   h. an Apple iPhone A2651 in a black case,

  i.  an Apple iPhone A1921 in a black case,

  j.  a SanDisk 2GB data card,

  k.  an Apple iPad model A1474,

  l.  a Bella Baby thumb drive,

  m.  a Samsung Galaxy Note 4 cellular telephone, and

  n.  a Seagate 500 GB hard drive S/N S2W51WTN

3. If any of the property described above, as a result of any act or omission of the defendant:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                  A TRUE BILL.


                  _____
                  FOREPERSON


SAYLER A. FLEMING
United States Attorney


_____
JILLIAN S. ANDERSON, #53918(MO)
Assistant United States Attorney
jillian.anderson@usdoj.gov